**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 30, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-31237

Summary Calendar

KERRY GUIDRY;

BRENDA GUIDRY;

Plaintiffs-Appellants,

versus

APACHE CORPORATION OF DELAWARE;

CHEVRON USA INC;

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana

(2:05-CV-1405)

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Kerry Guidry's shrimp trawler allided with a section of pipe while shrimping in the navigable waters of Grand Bayou Blue, a bayou which crossed an oil field leased by defendant Apache. The Guidries sued Apache and Chevron for the resulting damages, and the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court dismissed, granting both defendants' motions for summary judgment. The Guidries appeal.

To establish liability the Guidries must prove that the pipe was owned, maintained, controlled, or placed in position by either Apache or Chevron. <u>Creppel v. Shell Oil Co.</u>, 738 F.2d 699 (5th Cir. 1984). They have presented no summary judgment evidence linking the pipe to either defendant. Undisputed evidence shows that the pipe was long-abandoned, submerged near an active public waterway. Moreover, it was cut at both ends and was not connected to any equipment owned by either Chevron or Apache. Faced with similar facts in <u>Creppel</u>, we explained that the plaintiff could not survive summary judgment without some evidence linking the defendant to the submerged pipe. It is not enough that the defendants' operations were closest to the allision site. <u>Id.</u>

The Guidries rely on <u>Gele v. Chevron</u>, 574 F.2d 243 (5th Cir. 1978, where Chief Judge John Brown, writing for the panel, affirmed liability against Chevron in a similar maritime dispute. Yet the differences are crucial. In *Gele* the plaintiff's vessel struck an active flare pipe, located in a area where Chevron was the exclusive operator. Chevron's control of the pipe was obvious to the district court, a finding-of-fact further shielded from appellate inquisitiveness by the clear-error standard of review in that case. Here, on summary judgment, plaintiffs provided no

evidence, except for speculation, linking the pipe to the defendants.  The judgment of the district court is

AFFIRMED.